**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

ARKANSAS RIVERVIEW                                           PLAINTIFF/
DEVELOPMENT, LLC                                    COUNTER-DEFENDANT

v.                                    No. 4:06CV00817 JLH

CITY OF LITTLE ROCK and
CAPITOL CITY HOTEL                              DEFENDANTS/COUNTER-
LIMITED PARTNERSHIP                  CLAIMANT/THIRD-PARTY PLAINTIFF

v.

ARKANSAS BAR FOUNDATION and
METROPOLITAN NATIONAL BANK              THIRD-PARTY DEFENDANTS

## OPINION AND ORDER

Arkansas Riverview Development, LLC, has filed a petition for attorneys' fees and costs in which it asks for an amount of attorneys' fees in the total amount of $34,935.00 and costs in the total amount of $507.44. For the reasons stated hereinafter, the Court denies the petition.

Before Arkansas Riverview Development can recover either attorneys' fees or costs, it must first be a prevailing party. *See* 42 U.S.C. § 1988; FED. R. CIV. P. 54(d)(1). "[A]t a minimum, to be considered a prevailing party within the meaning of § 1988, the plaintiff must be able to point to a resolution of the dispute which changes the legal relationship between itself and the defendant." *Texas State Teachers Assoc. v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792, 109 S. Ct. 1486, 1493, 103 L. Ed. 2d 866 (1989). Common examples of "judicially sanctioned changes" that alter legal relationships include "enforceable judgments on the merits," "court-ordered consent decrees," or even "settlement agreements enforced through a consent decree." *Buckhannon Bd. & Care Home, Inc. v. West Va. Dept. of Health and Human Res.*, 532 U.S. 598, 604, 121 S. Ct. 1835, 1840, 149 L. Ed. 2d 855 (2001).

On some occasions, courts have granted attorneys' fees and costs to parties that had been awarded preliminary injunctions.  Arkansas Riverview Development cites the following cases: *Bishop v. Committee on Prof. Ethics and Conduct*, 686 F.2d 1278 (8th Cir. 1982); *Williams v. Alioto*, 625 F.2d 845 (9th Cir. 1980); *Doe v. Marshall*, 622 F.2d 118 (5th Cir. 1980).  In both *Williams* and *Doe*, the actions were dismissed as moot after the preliminary injunctions ultimately afforded the plaintiffs all the relief they had been seeking.  *See generally Williams*, 625 F.2d 845; *Doe*, 622 F.2d 118.  In *Bishop*, the district court decided the case on the merits, and the Eighth Circuit stated, *in dicta*, that even preliminary or temporary relief may be sufficient to make a plaintiff a prevailing party.  *Bishop*, 686 F.2d at 1290 (citing *Williams* and *Doe*).

However, the Eighth Circuit has also explained:

It is of course literally true that every preliminary injunction effects some judicially sanctioned change in the parties' legal relationship.  If that were all *Buckhannon* [*Bd. & Care Home, Inc. v. West Va. Dept. of Health & Human Res.*, 532 U.S. 598, 121 S. Ct. 1835, 149 L. Ed. 2d 855 (2001)] requires, then every recipient of a preliminary injunction becomes a prevailing party eligible for an attorneys' fee award.  But when dealing with a non-final order such as a preliminary injunction, the argument ignores an important principle established by the Supreme Court well before *Buckhannon* and re-emphasized in the *Buckhannon* opinion:

> Congress intended to permit the interim award of counsel fees only when a party has prevailed on the merits of at least some of his claims.  For only in that event has there been a determination of the "substantial rights of the parties," which Congress determined was a necessary foundation for departing from the usual rule in this country that each party is to bear the expense of his own attorney.

*Hanrahan v. Hampton*, 446 U.S. 754, 758, 100 S. Ct. 1987, 64 L. Ed. 2d 670 (1980), quoted in *Buckhannon*, 532 U.S. at 603, 121 S. Ct. 1835.  Applying this principle, it is apparent that a preliminary injunction that grants only temporary relief pendente lite is not, without more, a judicially sanctioned *material* alteration of the parties' legal relationship within the meaning of *Buckhannon*.  Thus, virtually every circuit court to consider the question has concluded that a preliminary injunction granting

2

temporary relief that merely maintains the status quo does not confer prevailing party status.

*Northern Cheyenne Tribe v. Jackson*, 433 F.3d 1083, 1085-86 (8th Cir. 2006).

As this Court has previously stated, a court grants a preliminary injunction when "'the balance of equities so favors the movant that justice requires the court to intervene to preserve the status quo until the merits are determined.'" *Glenwood Bridge, Inc. v. City of Minneapolis*, 940 F.2d 367, 370 (8th Cir. 1991) (quoting *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 113 (8th Cir. 1991) (en banc)). By granting the preliminary injunction, this Court intervened to preserve the status quo until the merits could be determined.

From January 25, 2006, until July 12, 2006 – two days before the complaint was filed – the status quo was that the City of Little Rock had issued a building permit pursuant to which construction on the building at issue was ongoing. On July 12, 2006, the City revoked the building permit, thereby altering the status quo, in an effort, as the City Manager described it, to break an impasse in the negotiations over the air-space rights. The preliminary injunction ordered that the previously granted permit remain in effect, thus reinstating and preserving the status quo as it had existed for some six months. This is a fairly typical scenario for a preliminary injunction case. It often happens that a motion for a preliminary injunction is precipitated by an action that, if allowed to stand, would alter the status quo. Sometimes the preliminary injunction motion follows immediately after the action that has altered the status quo, as happened here; in other cases, the preliminary injunction motion comes immediately before the action that would alter the status quo. Here, if Arkansas Riverview Development had learned of the City's intent to revoke the building permit and obtained a TRO on July 11, the posture of this case would be identical to its posture now:

the building permit issued on January 25, 2006, would still be in effect, and the status quo would be preserved. That the preliminary injunction was issued shortly after rather than shortly before the revocation of the building permit does not alter the analysis: the preliminary injunction maintained the status quo; it did not materially alter the legal relations between the parties.[1]

Paragraph 21 of plaintiff's motion for preliminary injunction argued, in effect, that the City, in its relationship with Arkansas Riverview Development, would hardly be affected by the granting of the preliminary injunction: "It is undisputed that the Building as it now stands in the current state of construction, will not get any taller or wider if construction is allowed to resume. Because the alleged problem precipitating the shut-down is Air Rights, the Defendants will suffer no further harm if ARD is allowed to finish out the inside of the Building. The Air Rights can be sorted out in due course, with no further harm to the Defendants, *even if they prevail on the merits*, a result that is dubious." (Emphasis added.) Arkansas Riverview Development reiterated that argument at the preliminary injunction hearing, repeatedly noting that the building would not get taller or wider if construction were to continue and asserting also that stopping construction as of July 12 would leave the building exposed to damage from the elements. The Court followed that line of reasoning in finding that no one would be harmed if the construction were to continue because, depending on the decision on the merits, one or more of the defendants may have an ownership interest in the building at the conclusion of the litigation, so it was in the best interest of all of the parties to reinstate the building permit and continue construction to protect the building from the elements. When granting

---

[1] Arkansas Riverview Development says that construction may be completed before the trial on the merits, which would render the Section 1983 claims moot, so *Williams* and *Doe* control. If that happens, it could affect this case in more than one respect, but it is best not to cross that bridge until we get to it.

plaintiff's motion for a preliminary injunction, this Court expressly stated that it was not ruling on the merits at that time.  Rather, the Court entered the preliminary injunction to maintain the status quo until the entry of a final judgment following trial on the merits or until the City shows that it has granted plaintiff its rights to due process, whichever should occur first.  Therefore, the motion for attorneys' fees and costs is DENIED.  Documents #17 and #19.

IT IS SO ORDERED this 15th day of September, 2006.

J. LEON HOLMES
UNITED STATES DISTRICT JUDGE