**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

| | |
|---|---|
| ARKANSAS RIVERVIEW<br>DEVELOPMENT, LLC | PLAINTIFF/<br>COUNTER-DEFENDANT |
| v. | No. 4:06CV00817 JLH |
| CITY OF LITTLE ROCK and<br>CAPITOL CITY HOTEL<br>LIMITED PARTNERSHIP | DEFENDANTS/COUNTER-<br>CLAIMANT/THIRD-PARTY PLAINTIFF |
| v. | |
| ARKANSAS BAR FOUNDATION and<br>METROPOLITAN NATIONAL BANK | THIRD-PARTY DEFENDANTS |

**OPINION AND ORDER**

Arkansas Riverview Development, LLC ("ARD") purchased the former Arkansas Bar Center from the Arkansas Bar Foundation and is now in the process of adding floors to the building. The additional floors will become condominiums. Part of the building occupies air space over Garland Street. That air space was leased by the City of Little Rock to the Arkansas Bar Foundation with a provision that the City must approve any assignment of those air-space rights. The Bar Foundation assigned the air-space rights to ARD but did so without approval from the City. The City first granted a building permit to ARD but later revoked the permit.

ARD brings suit under 42 U.S.C. § 1983 against the City under the Fifth and Fourteenth Amendments to the United States Constitution for violations of substantive and procedural due process rights in revoking the building permit and under Arkansas law for a declaratory judgment that it is entitled to occupy the air space. It also brings suit against Capitol City Hotel Limited Partnership ("CCH") under Arkansas law to quiet title against CCH as well as for tortious

interference with business expectancy and tortious interference with a contractual relationship. The City has moved to dismiss the federal claims with prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and to dismiss the state-law claims without prejudice. For the reasons stated hereinafter, that motion is DENIED.

In ruling on a Rule 12(b)(6) motion to dismiss, the court construes the complaint in the light most favorable to the plaintiff and accepts the allegations in the complaint as true. *Coleman v. Watt*, 40 F.3d 255, 258 (8th Cir. 1994). A motion to dismiss should not be granted merely because the complaint "does not state with precision all elements that give rise to a legal basis for recovery." *Schmedding v. Tnemec Co., Inc.*, 187 F.3d 862, 864 (8th Cir. 1999). A complaint need only contain "'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)). "'[A]s a practical matter, dismissal under Rule 12(b)(6) is likely to be granted only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief.'" *Gebhardt v. ConAgra Foods, Inc.*, 335 F.3d 824, 829 (8th Cir. 2003) (quoting *Parnes v. Gateway 2000, Inc.*, 122 F.3d 539, 546 (8th Cir.1997)). In other words, a motion to dismiss should be granted only if "it appears beyond a doubt that the plaintiff can prove no set of facts which would entitle him to relief." *Schmedding*, 187 F.3d at 864.

The amended complaint alleges that on January 25, 2006, the City issued a valid building permit that authorized the construction of additional floors to the building at #5 Statehouse Plaza. According to the amended complaint, "ARD erected a structure, entered into contracts with contractors, and incurred substantial expense and liability in renovating and improving the Building, all in reliance on the City's conduct in issuing the permit." The amended complaint also alleges that on July 12, 2006, the City revoked the permit "after ordered to do so by CCH," thereby "us[ing] its

governmental authority to protect and advance the private and commercial interests of one entity CCH over that of another, ARD." The amended complaint further alleges that the revocation was a "'truly irrational' government action" taken "without giving ARD notice or an opportunity to be heard."

**Substantive Due Process**

"To prevail on a substantive due process claim, plaintiff must first establish 'a protected property interest to which the Fourteenth Amendment's due process protection applies.'" *Bituminous Materials, Inc. v. Rice County, Minn.*, 126 F.3d 1068, 1070 (8th Cir. 1997) (quoting *Ellis v. City of Yankton*, 69 F.3d 915, 917 (1995)). Furthermore, a plaintiff must also prove that the government's action be "truly irrational." *Chesterfield Dev. Corp. v. City of Chesterfield*, 963 F.2d 1102, 1104 (8th Cir. 1992). The City argues that the plaintiff has failed properly to allege each element of its substantive due process claim.

As this Court previously stated, when a building permit is properly issued, the permittee may acquire a property right in that permit. *See Tankersley Bros. Indus., Inc. v. City of Fayetteville*, 227 Ark. 130, 296 S.W.2d 412 (1956). In *Tankersley*, the court stated:

> The rule which we hold applicable here is stated by the text writer in 58 American Jurisprudence, § 184, p. 1040: "On the other hand, there are cases in which a municipality has been regarded as equitably estopped from revoking a building permit. Indeed, where the permit is properly obtained, the weight of authority is that it may not be revoked arbitrarily, particularly where, on the faith of it, the owner has incurred material expense. Hence, there are a number of cases in which the revocation of a permit on the ground of the violation of a zoning regulation has been regarded as improper. This result has been reached where, in good faith, and in reliance on the permit, money has been expended and substantial steps have been taken, such as the purchase of real estate, the execution of contracts for the purchase of land or other property or for other purposes, the employment of an architect or surveyor, the demolition of buildings, the excavation of land, and the installation of equipment." Also in 43 Corpus Juris, § 380, p. 349: "As a general rule, a building

3

>permit has none of the elements of a contract and may be changed or entirely revoked, even though based on a valuable consideration, if it becomes necessary so to change or revoke it in the exercise of the police power. Applicant's property is not exempt from the operation of subsequent ordinances and regulations legally enacted by the corporation, as for instance, his property may be subject to an ordinance or regulation extending the fire limits. But when once the proper authorities grant a permit for the erection or alteration of a structure, after applicant has made contracts and incurred liabilities thereon, he acquires a kind of property right on which he is entitled to protection; and under such circumstances it is generally held that the permit cannot be revoked without cause or in the absence of any public necessity for such action." *See* 62 C.J.S. § 227, p. 521.

*Id.* at 135, 296 S.W.2d at 415. *Compare* Jay M. Zitter, Annotation, *Zoning Authority As Estopped from Revoking Legally Issued Building Permit*, 26 A.L.R. 5th 736 (1995), *with* R.P. Davis, Annotation, *Rights of Permitee Under Illegally Issued Building Permit*, 6 A.L.R. 2d 960 (1949).

The City cites *Smith v. City of Arkadelphia*, 336 Ark. 42, 45, 984 S.W.2d 392, 395 (1999), for the proposition that *Tankersley* is limited to circumstances where the plaintiff has completed construction and the city makes an additional "demand that the building be torn down . . . ." However, in *Smith* the city sought to alter the conditions of the building permit only with respect to property where construction had not yet begun, so the issue in *Tankersley* was not presented. *Smith*, 336 Ark. at 44-48, 984 S.W.2d at 393-95. Still, *Smith* seemed to recognize that a person holding a building permit may have "a kind of property right when he has incurred liability thereon" but, "[t]his right is not unlimited. *Tankersley* [states] that it is generally held the permit cannot be revoked without cause or in the absence of any public necessity for such action." *Id*. at 47, 984 S.W.2d at 395 (emphasis omitted). *Smith* reaches the result that it does not because no property right exists in the permit but because "property is not exempt from the operation of subsequent ordinances and regulations legally enacted by the corporation." *Id*. Thus, *Smith* does not overrule *Tankersley*, nor does *Smith* undermine *Tankersley*'s holding that a property right may exist in a building permit.

Because the present motion is a motion to dismiss under Rule 12(b)(6), whether ARD can prove that it has been denied substantive due process is not for the court to say at this time: the inquiry focuses solely on the complaint. The amended complaint alleges that ARD's building permit was properly issued and that ARD has incurred obligations in reliance on that permit. The amended complaint also alleges that the City revoked the permit because it was ordered to do so by CCH and that this was a "truly irrational" act. The amended complaint states a substantive due process claim. The motion to dismiss the substantive due process claim is therefore denied.

## Procedural Due Process

To prevail on a procedural due process claim under § 1983, a plaintiff must prove that it has a constitutionally protected property interest, that it has been deprived of this interest, and that such deprivation occurred without due process of law. *Zinermon v. Burch*, 494 U.S. 113, 125-26, 110 S. Ct. 975, 983, 108 L. Ed. 2d 100 (1990). "The constitutional violation actionable under § 1983 is not complete when the deprivation occurs; it is not complete unless and until the State fails to provide due process." *Id*. at 126, 110 S. Ct. at 983.

The City contests the validity of this entire claim, arguing that, because the State of Arkansas requires no standard process for the revocation of a building permit, there cannot then be a lack of process for revoking such a permit. For that proposition, the City cites *Jennings v. Lombardi*, 70 F.3d 994 (8th Cir. 1995), which states: "A statute, regulation, or official policy pronouncement will give rise to a protected property interest only where (1) it contains particularized substantive standards or criteria that guide the decisionmakers, and (2) it uses mandatory language requiring the decisionmakers to act in a certain way, thus limiting the official's discretion." *Id*. at 996. The City further argues that the State of Arkansas allows municipalities to use whatever procedures they deem

5

necessary to provide for the health, welfare, and safety of their constituents. *See* Ark. Code Ann. § 14-55-102 (1998).

The City's argument disregards *Tankersley* and *Smith*. As noted above, *Tankersley* held that once the authorities grant a permit and the applicant incurs obligations in reliance on the permit, the applicant "acquires a kind of property right on which he is entitled to protection" and "the permit cannot be revoked without cause or in the absence of any public necessity for such action." *Tankersley*, 227 Ark. at 135, 296 S.W.2d at 415. Furthermore, as also noted above, *Smith* recognizes *Tankersley*'s holding that one who relies on a building permit acquires "a kind of property right" so that "the permit cannot be revoked without cause or in the absence of any public necessity for such action." *Smith*, 336 Ark. at 47, 984 S.W.2d at 395.

Once again, whether ARD can prove that it has been denied procedural due process is not for the Court to say at this time. ARD alleges that it has a property interest in the building permit under Arkansas law, that it has been deprived of this interest, and that the deprivation occurred "without giving ARD notice or an opportunity to be heard." The amended complaint states a procedural due process claim. The motion to dismiss the procedural due process claim is therefore denied.

**Pendent Jurisdiction**

Twenty-eight U.S.C. § 1367 permits this Court, in its discretion, to exercise jurisdiction over state-law claims "that are so related to [the claims arising under federal law] that they form part of the same case or controversy . . . ." The City has urged the Court to dismiss without prejudice the supplemental state claims alleged by ARD in the event that the Court dismissed the claims arising under 42 U.S.C. § 1983, as the result would be a lack of pendent jurisdiction. However, because the

Court has declined to dismiss the federal claims, the motion to dismiss the supplemental state claims is also denied.

For the reasons stated, the City of Little Rock's motion to dismiss is DENIED. Documents #21, #23, and #46.

IT IS SO ORDERED this 15th day of September, 2006.

*/s/ J. Leon Holmes*
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE